Estate of Benjamin H. Bass, Deceased, Blanche E. Bass, Executrix v. Commissioner. George A. Bass v. Commissioner.
Estate of Benjamin H. Bass, Deceased v. Commissioner
Docket Nos. 4075, 4076.
United States Tax Court
1946 Tax Ct. Memo LEXIS 142; 5 T.C.M. (CCH) 582; T.C.M. (RIA) 46163; July 16, 1946
*142 In 1934 George A. Bass established a general contracting business under the name of Bass Engineering & Construction Co. In 1935 his father, Benjamin H. Bass, contributed capital and joined the enterprise as an equal partner therein. On January 1, 1940, Benjamin H. Bass created a trust for the benefit of his wife, Blanche E. Bass, and gave to it as its corpus one-half of his half interest in the company. Benjamin H. Bass died on June 29, 1940, leaving a will giving to his wife as sole residuary legatee his remaining one-fourth interest in the company. She was named executrix in the will. George A. Bass, Blanche E. Bass and George A. Bass the then trustee of the trust of January 1, 1940, thereupon entered into a new verbal agreement to continue the business of the company, contributing thereto their respective interests which they acquired in the above manner. Accordingly, on August 10, 1940, they duly filed a partnership certificate with the County Clerk. Held, George A. Bass owned and is taxable on only one-half interest in the income derived from the operation of the Bass Company. Edgar W. Pugh, Esq., 3353 Penobscot Bldg., Detroit 26, Mich., for the petitioner. Lawrence *143 R. Bloomenthal, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $18,048.49 in the income tax liability of the petitioner, George A. Bass, for the fiscal year ending September 30, 1941, and deficiencies of $25,785.05 and $3,576.91 in the income tax liability of the petitioner, the Estate of Benjamin H. Bass, deceased, for the fiscal years ending May 31, 1941, and May 31, 1942, respectively. Certain issues raised by the petitioners were conceded or abandoned, leaving in controversy only the major question whether or not the entire net income of the Bass Engineering & Construction Company No. 2 was taxable to the petitioner, George A. Bass, for his fiscal year ending September 30, 1941. Findings of Fact Certain facts were stipulated. In so far as they are material to the issue, they are as follows: The petitioners, Blanche E. Bass, Executrix of the Estate of Benjamin H. Bass, deceased, and the petitioner, George A. Bass, are residents of Detroit, Michigan. They filed their income tax returns for the taxable years with the collector of internal revenue for the district of Michigan. The business *144 of Bass Engineering & Construction Company was first conducted by George A. Bass individually as an assumed named business. A "Certificate - Conducting Business Under an Assumed Name" was filed with the County Clerk for the County of Wayne, Michigan, under date of August 29, 1934, No. 66,977. A "Certificate of Discontinuance" of the assumed name business, operated by George A. Bass was filed with the said County Clerk under date of September 25, 1935. The business of Bass Engineering & Construction Company subsequent to September 25, 1935, and until the end of the calendar year 1939 was conducted as a co-partnership whose members were George A. Bass and his father, Benjamin H. Bass. A "Certificate of Discontinuance of Co-partnership" operated by George A. Bass and Benjamin H. Bass was filed August 10, 1940. Under date of August 10, 1940, a certificate for a partnership operating under the firm name and style of Bass Engineering & Construction Company, was filed with the County Clerk by George A. Bass and Blanche E. Bass. An instrument captioned "assignment and Declaration of Trust", was executed under date of January 1, 1940, by Benjamin H. Bass, as settlor, naming Benjamin H. *145 Bass, as trustee. Under that assignment and declaration of trust, Benjamin H. Bass purported to make a gft, in trust, for the benefit of Blanche E. Bass, of 50 per cent of all his right, title and interest in and to the net assets of the co-partnership, known as Bass Engineering & Construction Co.
A gift tax return, disclosing the purported gift in trust of the one-quarter interest in the firm of Bass Engineering & Construction Company was filed on February 17, 1941, by Blanche E. Bass on behalf of Benjamin H. Bass, deceased, with the collector of internal revenue for the district of Michigan. A donee's or trustee's information return of gifts, Form 710, disclosing the purported gift in trust, under date of January 1, 1940, of a one-quarter partnership interest in the firm of Bass Engineering & Construction Company was filed with the collector on February 17, 1941. Benjamin H. Bass died on June 29, 1940, and an estate tax return was filed with the collector. The one-quarter interest of the Bass Engineering & Construction Company owned by Benjamin H. Bass at the date of his death was originally included in the decedent's estate at a value of $39,834.19, but was later increased *146 by agreement with the Bureau of Internal Revenue to $81,250, resulting in a deficiency in estate tax of $2,237.46. This one-quarter had previously been valued by the Bureau at $100,000. Payment of the tax and interest thereon was made on July 8, 1943. No claim for refund of the payment of the estate tax and interest has ever been filed. Benjamin H. Bass left a will in which he bequeathed $1.00 to George A. Bass and the remainder of his estate to his wife, Blanche E. Bass, who was named executrix. The final account in the estate of Benjamin H. Bass, deceased, was filed, on October 16, 1941. Since its inception, the business of Bass Engineering & Construction Company has been that of a general contracting business, engaged in the construction of public construction projects for municipalities, counties, townships, states, or the Government of the United States, or political subdivisions thereof, as well as in construction projects for private enterprises. From September 25, 1935, until September 30, 1939, the copartnership of George A. Bass, and his father, Benjamin H. Bass, known as the Bass Engineering & Construction Company, divided its profits or losses, after adjustment for *147 withdrawals for services rendered, equally between the co-partners. This co-partnership filed its income tax returns on a fiscal year, completed contract basis as to its construction jobs; all other items of income or expense were reported on the accrual basis. No change in the method of keeping the books of the business was made on January 1, 1940, when the trust for the benefit of Blanche E. Bass is alleged to have been admitted to the co-partnership known as Bass Engineering & Construction Company. No entry was made on the books of the business at that time showing the capital account of the trust. Benjamin H. Bass died on June 29, 1940, but for mutual convenience and because various documents pertinent to the issues herein were dated June 30, 1940, one day immediately subsequent to the date of death, it is agreed that whenever the date of the decedent's death is referred to, June 30, 1940 may be used in lieu of June 29, 1940. On the Form 1065 return filed for the business of the Bass Engineering & Construction Company, a co-partnership, for the period October 1, 1939 to September 30, 1940, the taxpayer was designated as Bass Engineering & Construction Co. No. 1, hereinafter *148 called Bass No. 1. All work in process as of June 30, 1940, together with orders for two jobs Nos. 141 and 142, which had been received but not yet started, was continued by the co-partnership designated as Bass No. 1. This partnership filed an income tax return on a fiscal year basis for the period ending September 30, 1940. Only one partnership return, Form 1065, for Bass No. 1, was filed for the period October 1, 1939 to September 30, 1940, this return purporting to disclose the entire income for the period; distribution of the income for the partnerships was made on a prorated monthly basis, i.e., after adjustments for withdrawals in lieu of salaries, the distribution to George A. Bass was shown as 50 per cent of the income for the entire period. The distribution to Benjamin H. Bass, deceased, was shown at 50 per cent for three months to January 1, 1940, and 25 per cent for the six additional months to June 30, 1940. The distribution to the trust was shown as 25 per cent for the six months from January 1, 1940 to June 30, 1940, and 25 per cent for the ensung three months to September 30, 1940. The distribution to the estate was shown as 25 per cent for the three months' period *149 from June 30, 1940 to September 30, 1940. The method of prorating the income as used in the return filed was in error. An income tax return was filed by Bass Engineering & Construction Company for the period ending September 30, 1941, by which time all jobs either in process or that had been received as of June 30, 1940, had been completed. The final return of Bass No. 1 was filed for the period ending September 30, 1942, disclosing $24 gross income and $50 in deductions, a net loss of $26. The petitioners concede that Benjamin H. Bass, deceased, the settlor of the aforesaid trust, was taxable with 50 per cent of the entire taxable income of the co-partnership for the period ending June 30, 1940, and that the remaining 50 per cent of the partnership income for that period is taxable to George A. Bass. It was stipulated, without prejudice to the right of the petitioners to prove who were the true partners in Bass No. 2, that any income of the business designated as partnership No. 1 for the periods subsequent to June 30, 1940; that is, for the period from June 30, 1940 until September 30, 1940, and for the fiscal years ended September 30, 1941, and September 30, 1942, should be considered *150 as being taxable 50 per cent to George A. Bass and 50 per cent to the estate of Benjamin H. Bass, deceased. Partnership returns, Form 1065, were filed for Bass Engineering & Construction Co. No. 2, hereinafter called Bass No. 2. These returns were filed on the completed job, fiscal, accrual basis, included the profits or losses from all jobs of the Bass Engineering & Construction Company received subsequent to June 30, 1940. Respondent has determined that the income of Bass No. 2 is taxable in its entirety to George A. Bass, but the petitioners expressly deny the correctness of that determination and contend that Bass No. 2 is and was a co-partnership composed of George A. Bass, owning a 50 per cent interest; Blanche E. Bass, owning a 25 per cent interest; and the trust for the benefit of Blanche E. Bass, owning a 25 per cent interest. Detailed schedules of the jobs of Bass No. 1 in progress, or received but not started as of June 30, 1940, were stipulated and are herein incorporated by reference. Certain of such jobs were completed. On April 12, 1943, George A. Bass individually, Blanche E. Bass, and George A. Bass as trustee, executed formal "Articles of Co-partnership" by *151 which they recognized the existence of the partnership beginning August 10, 1940, "based on verbal understanding and agreement only" and continued such partnership under the firm name of Bass Engineering & Construction Company. The partnership was in no event to continue longer than 20 years. The partnership agreement defined the nature of the business to be carried on and recited that the existing original investment of each partner, together with additions thereto, was to remain in the business and further that the partners did not recognize that the partnership business had any good will. The investment of George A. Bass was stated to be that which resulted from liquidation of the co-partnership consisting of himself, his father and his father as trustee. The investment of Blanche E. Bass was described as consisting of the residue of the estate of Benjamin H. Bass. The investment of George A. Bass as trustee was defined as consisting of the trust fund established on January 1, 1940, with Blanche E. Bass as beneficiary. The interest of each partner also included all net additions thereto since August 10, 1940. The net profits were to be divided among George A. Bass, Blanche *152 E. Bass and George A. Bass as trustee, in the proportion of 50 per cent, 25 per cent and 25 per cent, respectively. George A. Bass was placed in active charge of the management of the partnership business and was allowed a reasonable amount as a drawing account, to be determined from year to year by the partners, and that the first profit of the partnership should offset the drawing account. The record discloses the following additional facts: The Bass Engineering & Construction Company may employ as many as 500 people on a particular job. The larger jobs are supervised by a resident superintendent who is in direct charge of the work on a project site. All work received after June 30, 1940 was recorded on a separate set of books as being the operations of Bass No. 2. In all respects the construction business was carried on without any material change from the operations of Bass No. 1. The accounts of Bass No. 1 were closed out on March 18, 1942. All of the assets of that concern were transferred on the books to the investment account of Bass No. 2. In connection with closing out the accounts of Bass No. 1, three checks were issued, dated March 18, 1942, payable, respectively, *153 to Mrs. Blanche E. Bass, administratrix for Estate of Benjamin H. Bass, George A. Bass, trustee for Blanche E. Bass, and to George A. Bass, individually. The check to Blanche E. Bass as administratrix of her husband's estate was in the amount of $49,785.49 and was intended to close out the decedent's alleged one-fourth interest in the partnership which had been dissolved by his death. Each of the foregoing checks was endorsed back to the "Bass Engineering & Construction Co." by the payee. Underneath the endorsement on each check the following statement was typed: This check is drawn by the maker to record the transfer of funds from Bank account to bank account and is not to be cashed, deposited, or used for any other purpose whatsoever. The above mentioned checks did not clear through the bank upon which they were drawn and merely evidenced a bookkeeping transaction. Blanche E. Bass did not contribute any money or property to Bass No. 2 from her own separate means, except the one-fourth interest therein which she had inherited from Benjamin H. Bass. She has had no experience in handling construction work; did not contribute any personal services to Bass No. 2 during the taxable *154 years involved herein, and did not participate in any way in the active supervision of the office after the death of her husband in June 1940. George A. Bass was the sole manager of the Bass Company after the death of his father. The balance sheet filed with the Federal estate tax return for the decedent, Benjamin H. Bass, showed the financial condition of Bass No. 1 for 1940 to be as follows: BASS ENGINEERING & CONSTRUCTION CO.
(A Co-Partnership) BALANCE SHEET ASSETS
1940
@CURRENT ASSETS: Cash on hand and on deposit
$111,120.20
United States Treasury Bonds
25,295.94
Deposits - Plans, bids, insurance, etc.
2,406.96
Accrued interest on bonds
119.05
Accounts receivable
162,233.38
Deferred expense
117.50
TOTAL CURRENT ASSETS
$301,293.03
FIXED ASSETS
Real estate
$ 1,450.00
General equipment
2,338.24
Furniture and fixtures
1,921.45
$ 5,709.69
Less: Reserve for depreciation
$ 1,058.20
NET FIXED ASSETS
$ 4,651.49
LAND CONTRACT RECEIVABLE
$ 650.00
@ADVANCES TO NEW PARTNERSHIP
10,000.00
@TOTAL ASSETS
$316,594.52
LIABILITIES
current liabilities/:
1940
Notes payable
Accounts payable
$ 95,364.76
Accrued liabilities - Interest, taxes, insurance, etc.
1,046.41
TOTAL CURRENT LIABILITIES
$ 96,411.17
DEFERRED PROFIT - UNCOMPLETED CONTRACTS
$ 34,670.11
PARTNERSHIP NET WORTH: George A. Bass
$ 92,148.27
Benjamin H. Bass
*
Mrs. Blanche E. Bass
48,162.12 *
Benjamin H. Bass Estate
45,202.85 *
TOTAL
$185,513.24
TOTAL LIABILITIES
$316,594.52
*155 The profit and loss statement filed with the Federal estate tax return for the decedent, Benjamin H. Bass, showed the following results from operations for 1940: BASS ENGINEERING & CONSTRUCTION CO. (NO. 1) (A Partnership) STATEMENT OF INCOME AND EXPENSES Fiscal year ended September 30, 1940 INCOME FROM COMPLETED CONTRACTS:
1940
Completed contract estimates
$1,606,541.25
Less: Completed contract costs
1,435,520.42
GROSS PROFIT ON COMPLETED CONTRACTS
$ 171,020.83
TOTAL ADMINISTRATIVE AND GENERAL EXPENSES
$ 29,523.31
@NET OPERATING PROFIT
$ 141,497.52
OTHER INCOME: Discounts on purchases
$2,228.44
Interest on securities
49.38
Miscellaneous
216.30
2,494.12
$ 143,991.64
OTHER EXPENSES: Interest
$ 8.75
Prior years' expense
746.57
$ 755.32
NET INCOME FOR YEAR
$ 143,236.32
Deduct: Partners' salaries
11,500.00
NET INCOME TRANSFERRED TO PARTNERS' INVEST-
MENT ACCOUNTS
$ 131,736.32
The records of the Bass Company reflected the investment therein of the individual partners. The books *156 of account of Bass No. 1 show that as of September 30, 1940, the investment of George A. Bass was $92,148.27; of Benjamin H. Bass, trustee for Blanche E. Bass, $48,162.12, and of the Benjamin H. Bass Estate, $45,202.85. The assets of Bass No. 1 and of Bass No. 2 consisted of cash, equipment and credit. The firm did most of the mechanical work, such as plumbing, required by its contract, and sublet other work, such as excavations and, sometimes, structural steel erections. On larger jobs a resident superintendent has direct charge of the work. Three such superintendents are now employed. Bonding companies require that the firm must have at least 10 per cent of the contract price in quick assets Its largest contract called for a payment of $757,000. The equipment, assets and balance sheets of Bass No. 1 were used by Bass No. 2. The petitioner, George A. Bass, has at no time during the taxable years owned more than a 50 per cent interest in the business of the Bass Engineering & Construction Co. No. 2. Opinion VAN FOSSAN, Judge: The only controversy in these cases remaining for our consideration is whether or not the entire income of Bass No. 2 is taxable to the petitioner, George *157 A. Bass. The respondent insists that the partnership of George A. Bass, Blanche E. Bass, and George A. Bass, Trustee, should not be recognized for Federal income tax purposes because it was a "family partnership". The facts in the cases at bar are quite different from those found in cases in which family partnerships are not recognized for taxation and the income from the business is taxed upon one member of the family group, usually the husband and father. Here the original business was established by George A. Bass, the son, in 1934 as his own enterprise. From September 25, 1935, he and his father, Benjamin H. Bass, conducted the business as a partnership until his father's death on June 29, 1940. That event terminated the partnership and left the partnership assets under the ownership of George A. Bass (one-half), the Estate of Benjamin H. Bass (one-fourth) and the trustee of the trust of January 1, 1940 (one-fourth). Blanche E. Bass was the sole residuary legatee of her husband's estate and, as such, became entitled to the possession of it. The respondent recognized her property interest therein and the interest of the trustee in the partnership business by determining a *158 large value for such interests for estate and gift tax purposes. At the death of Benjamin H. Bass the business of the Bass Company No. 1 was continued uninterruptedly in order to complete its current contracts and thus to secure the profits arising from them. George A. Bass and his mother undertook, by oral agreement, to form a new partnership composed of George A. Bass individually, George A. Bass as trustee, and Blanche E. Bass in her own right as owner of 25 per cent of the assets of the old partnership terminated by her husband's death. They promptly filed a partnership certificate with the County Clerk and later made entry in the books of the company to reflect their respective interests. The respondent questions the right of Mrs. Bass to contribute to the new partnership property which had not been distributed to her by the due process of administration of her husband's estate. The point may be well made and no partnership may have been created until Mrs. Bass actually owned and possessed her inhertance. However, the Code and section 19.3797-4, Regulations 103, [1] include in the partnership category joint ventures and other forms of organizations carrying on business. Therefore, *159 whether we consider the agreement between George A. Bass and Blanche E. Bass the effective basis of a partnership or a contract to enter into a joint venture, the result is the same. It is obvious that George A. Bass had no rights whatever in the one-half interest in the partnership business owned by his father prior to the creation of the trust, and by his father and the trustee thereafter until the time of his death. They were owned by the trustee and by Blanche E. Bass in some capacity as executrix, a potential owner, or as the definite and sole residuary legatee. The situation before us was not brought about by the voluntary act of either Benjamin H. Bass or George A. Bass but by the fortuitous *160 circumstance of death. Thus no purpose to divide or divert income could have prompted it. The survivor was the son - not the father, the usual head of the family economic unit. His own interest in the going enterprise was not enlarged but continued as before his father's death. By the terms of the father's will all his property went to his widow. The mother succeeded to her husband's interest and property in the old firm and used it to establish a new arrangement to continue the business of the Bass Company. The trustee joined in for the same reason. The formation of the socalled partnership was impelled by legitimate business purposes. The respondent argues further that the business conducted by the Bass Company was primarily a personal service enterprise, whose success depended on the skill and experience of George A. Bass. It is clear on the record that capital was an essential factor in the business. Admittedly the business had previously been managed by a valid partnership consisting of the father and son. Also admittedly, the father's share in ownership was not left to the son but to the widow. George A. Bass was given charge of the management of the business and allowed a *161 commensurate drawing account. Thus his services as manager were paid for independently of his property interest in the business. We are not impressed by the personal service argument. The company employed many persons, the number depending on the size of the job. It did its own mechanical work and sublet other work necessary to the completion of the entire contract. This practice is common among engineering and contracting companies. Furthermore, it placed a superintendent in direct charge of a specific job. Thus, although George A. Bass had general supervision of the entire enterprise, he was not solely, perhaps not even mainly, responsible for the earnings of the partnership. We conclude that Bass No. 2 was a joint venture owned by George A. Bass, George A. Bass as trustee, and Blanche E. Bass as potential or beneficial owner of the decedent's interest in the predecessor partnership at the date of his death, in the proportions of 50 per cent, 25 per cent and 25 per cent, or to state the conclusion in the negative, George A. Bass at no time owned more than 50 per cent of the enterprise styled Bass No. 2 or the income therefrom. He is taxable accordingly. The differences in computations *162 of income for the various taxable periods and the amounts chargeable to such periods may be settled upon recomputations under Rule 50. Decisions will be entered under Rule 50. Footnotes
*. Commissioner does not agree that the interests of Mrs. Bass or the Bass Estate were correctly stated herein.↩
1. SEC. 19.3797-4. Partnerships. - The Internal Revenue Code provides its own concept of a partnership. Under the term "partnership" it includes not only a partnership as known at common law but, as well, a syndicate, group, pool, joint venture, or other unincorporated organization which carries on any business, financial operation, or venture, and which is not, within the meaning of the Code, a trust, estate, or a corporation. * * * [See section 3797, I.R.C.↩]